## Farris v. Pennsbury School District

*Richard R. Fink,* for plaintiffs.
*Karen Kaskey,* for defendants.

GARB, *J.,* October 20, 1975— This is an action in trespass in which plaintiffs seek to recover for certain damages allegedly sustained by the minor plaintiff at a time when he was engaging in physical education as a student at defendant Pennsbury School District. Under and pursuant to Pa.R.C.P. 4009, plaintiffs have sought discovery of any and all records of the school nurse for the William Penn Junior High School relating to injuries in connection with the use of gymnastic equipment in said junior high school for the past ten years to the present. We presume that the object of this discovery is to determine and possibly to establish notice to the school district of a dangerous condition. Defendant school district has secured a rule to show cause why this discovery should not be denied as in the nature of a protective order under the provisions of Rule 4011. Defendant asserts in support of its rule three grounds, to wit, that the information sought is privileged, confidential and unreasonable and ir-

relevant. As indicated, we are satisfied on the face of the matters before us that the inquiry is relevent but we are unable, due to the insufficiency of the present record, to determine whether the request is unreasonable as being overly broad or unusually oppressive in volume. We do decide herein that defendant's contentions regarding privilege and confidentiality are ill-founded. Therefore, we will, hereby, enter an order for limited discovery with leave to plaintiff to secure additional discovery if indicated.

The defenses of privilege and confidentiality are based upon the Act of June 7, 1907, P.L. 462, sec. 1, 28 P.S. §328, which provides that no person authorized to practice "physics or surgery" shall be allowed, in any civil case, to disclose any information which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity, which shall tend to blacken the character of the patient, without consent of such patient, except in civil cases, brought by such patient, for damages on account of personal injuries. Obviously, we cannot determine whether any of this information would tend to blacken the character of any patient, because we have no way of knowing at this time what the nature of the information is. We do believe, however, that this privilege applies solely to the physician-patient relationship and does not apply to a school nurse (see ABC Juvenile, 51 D. & C. 2d 424 (1971)), unless the nurse secured her information in the presence of a physician for whom she was employed and whom she was assisting. See Gilham v. Gilham, 177 Pa. Superior Ct. 328, 110 A. 2d 915 (1955).

Furthermore, we do not believe that this privilege applies to all information in the custody of a physician, but applies only to communications from patient to physician. See Adamos v. New York Life Insurance Company, 22 F. Supp. 162 (D.C., 1937), and Woods v. National Life and Accident Insurance Company, 347 F. 2d 760 (C.A., 1965).

As indicated, we determine from this record that the matters sought by plaintiff to be discovered are not in any way covered by this Act of Assembly. We are unable to determine whether the discovery sought is an unreasonable investigation without knowing the volume of the material available, were it to be disclosed.

Therefore, we will herein order and direct that the rule to show cause why the protective order should not be entered will be denied, dismissed and overruled to the extent that defendant will be directed to furnish to plaintiff a list of such incidents reported to the school nurse showing the dates on which each incident occurred as well as the place where each accident occurred. Thereafter, if appropriate, plaintiff may make additional requests for more specific information regarding the information as furnished.

## ORDER

And now, October 20, 1975, it is hereby ordered, directed and decreed that the rule to show cause why a protective order should not be entered precluding the production and inspection of the items sought by plaintiff is denied, dismissed and overruled as consistent with the within opinion.